United States District Court
District of South Carolina

| | | |
|---|---|---|
| Henry Dondie Ellison, #87632; | ) | C/A No. 3:06-0389-MBS-JRM |
| | ) | |
| Plaintiff; | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| Permeco Myers; | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The Plaintiff, Henry Ellison (hereafter, the "Plaintiff"), is a state prisoner bringing a *pro se* action against the Defendant under Title 42 United States Code §1983. Pursuant to the provisions of 28 U.S.C. §636(b)(1)(b), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review all pretrial matters in prisoner cases filed under 42 U.S.C. §1983 and submit findings and recommendations to the District Court.

## **BACKGROUND**

Plaintiff is incarcerated at the Alvin S. Glenn Detention Center in Columbia, South Carolina. The online magistrate court records of the Clerk of Court for Richland County reflect five pending criminal matters in which Henry Dondie Ellison, Jr., is the named defendant: H743240 (Criminal Domestic Violence of a High and Aggravated Nature); H743241 (Assault with Intent to Kill); H743242 (Violation of Protective Order under PFDA Act); H743243 (Kidnapping); and H743244 (Burglary First Degree).[1] The current status of these cases is

---

[1] – Attached to his Complaint, Plaintiff has filed a "Motion: Injunctive Relief" concerning his claim to personal property. This paper lists in its captions three of the above mentioned cases: H-743244; H-743241; and H-743243.

unknown.[2]

Plaintiff seeks the following relief:

I'm trying to receive all my personal belongings listed out of Ms. Peremeco Myers possesion [sic]. And if she chooses I'll except [sic] monetary compensation as so stated on attached motion 17-19-90 [sic] motion injutive [sic] releif [sic] from all belongings located at 3611 Traveler Lane, Columbia, S.C. 29209. I'am [sic] unable to do so collect my property cause [sic] of my present posission [sic], so please accomenate [sic] my reqeust [sic] threw [sic] WASA/AAM international consultant firm.[3]

[1-1, p. 5.]

## *PRO SE* COMPLAINT

Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. Hughes v. Rowe, 449 U.S. 5 (1980); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F. 2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. Hughes v. Rowe, supra. Even under this less stringent standard, however, a *pro se* complaint is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him. Small v. Endicott, 998 F.2d 411 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

---

[2] – The Richland County Clerk of Court maintains a website which at this time is limited to magistrate court docket records. See <http://www.richlandonline.com/publicindex>.

[3] – S.C. Code Annotated § 17-19-90 governs "Objections to defects in indictments." It is unclear why Plaintiff cites this statute in support of his attempt to recover personal property.

## FAILURE TO STATE A CAUSE OF ACTION

United States District Courts, as federal courts established by the United States Congress, are limited in their jurisdiction to "federal question" and "diversity" cases pursuant to 28 U.S.C. § 1331 and § 1332. An action for violation of civil rights under 42 U.S.C. §1983, for example, is a "federal question" case which means that Congress establishes by statute the basis contours of litigation to enforce its provisions. "Diversity" jurisdiction exists when the parties are citizens of different states and a minimum jurisdictional amount is at stake.

Federal courts are "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998). There is no presumption that a federal court has jurisdiction over any given matter. Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999) (*citing* Lehigh Mining & Mfg. Co. v. Kelly, 160 U.S. 337, 327 (1895)). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." Bulldog Trucking, supra. See also Rule 12(h)(3) Federal Rules of Civil Procedure (Fed. R. Civ. P.) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999).

In order to state a cause of action under 42 U.S.C. §1983, a plaintiff must allege that: (1) the defendant(s) deprived him or her of a federal right, and (2) did so under color of state law. See Gomez v. Toledo, 446 U.S. 635, 640 (1980); and American Mfr. Mut. Ins. Co. v. Sullivan,

3

526 U.S. 40, 50-52 (1999).

As far as the Complaint discloses, the Defendant appears to be a private citizen who may have shared a residence with Plaintiff at 3611 Traveler Lane, Columbia, South Carolina. There is no indication that her presence at that location nor her alleged possession of Plaintiff's property constitute actions under color of state law. The conduct of private individuals or corporations must take place as "state action" or under "color of state law" to be actionable pursuant to 42 U.S.C. §1983. A private individual or corporation must be a willful participant in joint action with the State or with an agent of the State. Dennis v. Sparks, 449 U.S. 24, 27-28 (1980). Purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. §1983 or under the Fourteenth Amendment. See Lugar v. Edmondson Oil Co., supra, 457 U.S. at 936; and Burton v. Wilmington Parking Authority, 365 U.S. 715, 721 (1961).[4]

Whether private conduct rises to the level of state action necessarily depends on the relationship between the activity and the governmental entity. The inquiry is: "whether there is a sufficiently close nexus between the State and the challenged action. . . so that the action of the latter may be fairly treated as that of the State itself." Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351 (1974). In Blum v. Yaretsky, 457 U.S. 991, 1004 (1982), the Supreme Court held that a state is responsible for private action only when it has exercised "coercive power" or has provided "significant encouragement" in the implementation of the action. "Mere approval of or acquiescence in the initiatives of a private party is not sufficient to justify holding the State

---

[4] – Burton involved the Equal Protection Clause of the Fourteenth Amendment, not 42 U.S.C. § 1983. However, federal courts have uniformly held that conduct which constitutes state action under the Fourteenth Amendment also constitutes action under color of state law, insofar as suits under 42 U.S.C. §1983 are concerned. West v. Atkins, 487 U.S. 42, 48-49 (1988)(collecting cases)

responsible for those initiatives under the terms of the Fourteenth Amendment." 457 U.S. at 1004-1005.  Plaintiff fails to offer any suggestion that the Defendant is or was acting under color of state law.

 Basically Plaintiff alleges conversion of his property, which is an action governed by the common law of South Carolina.  See SSI Medical Services v. Cox, 392 S.E.2d 789  (S.C.1990); Owens v. Andrews Bank & Trust, 220 S.E. 2d 116 (S.C. 1975); Mullis v. Trident Emergency Physicians, 570 S.E.2d 549 (S.C. App. 2002).  A claim of this sort would be cognizable in this Court under  28 U.S.C. § 1332 (the "diversity" statute), if the statutory requirements are satisfied.  See Cianbro Corporation v. Jeffcoat and Martin, 804 F. Supp. 784, 788-91 (D.S.C. 1992).  It is clear from the allegations contained in the Complaint that this Court lacks diversity jurisdiction both by reason of the parties' citizenship and the minimal jurisdictional amount.  Plaintiff claims less than Ten Thousand Dollars ($10,000.00) in lost property which is well below the statutory minimum of Seventy Five Thousand Dollars ($75,000.00).

 Plaintiff does not name the Richland County Sheriff Department as a Defendant.  In one brief portion of his pleading he suggests that an unlawful search and seizure may have violated constitutional due process protections.  Plaintiff provides no specific information.  If indeed constitutional violations occurred during his arrest under his pending criminal cases in Richland County, they are matters to be presented to the Court of General Sessions in the course of those proceedings.

 Absent extraordinary circumstances, federal courts are not authorized to intervene in pending state court proceedings. See, e.g., Younger v. Harris, 401 U.S. 37, 44 (1971).  The United States Court of Appeals for the Fourth Circuit has ruled that federal district courts should

abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49, 50-53 (4th Cir. 1989). Plaintiff's parenthetical references to the Sheriff of Richland County fail, therefore, to suggest any claim upon which this Court could grant relief.

## RECOMMENDATION

Under 28 U.S.C. § 1915 a District Court may dismiss a pleading by an indigent and/or *pro se* litigant upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(I), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hemandez, 504 U.S. 25 (1992). Hence, under § 1915(e)(2)(b), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke v. Williams, 490 U.S. 319 (1989); Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

It is therefore recommended that the within Complaint be dismissed without prejudice. The Plaintiff's attention is directed to the Notice on the following page.

                                            Respectfully Submitted,

                                            s/Joseph R. McCrorey
                                            United States Magistrate Judge

February 13, 2006
Columbia, South Carolina

**<u>Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"</u>**
**<u>& The Serious Consequences of a Failure to Do So</u>**

The petitioner is hereby notified that any objections to the attached Report and Recommendation must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See <u>Mathews v. Weber</u>, 423 U.S. 261, 270-271 (1976).

During the ten-day period, <u>but</u> <u>not</u> <u>thereafter</u>, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See <u>Keeler v. Pea</u>, 782 F. Supp. 42, 43-44 (D.S.C. 1992). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See <u>United States v. Schronce</u>, 727 F.2d 91, 94 & n. 4 (4th Cir.), <u>cert. denied</u>, <u>Schronce v. United States</u>, 467 U.S. 1208 (1984); and <u>Wright v. Collins</u>, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. <u>Howard v. Secretary of HHS</u>, 932 F.2d 505, 508-509 (6th Cir. 1991). <u>See also</u> <u>Praylow v. Martin</u>, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court)<u>, cert. denied</u>, 474 U.S. 1009 (1985). In <u>Howard</u>, <u>supra</u>, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

<u>Accord</u> <u>Lockert v. Faulkner</u>, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

See also <u>Branch v. Martin</u>, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and <u>Goney v. Clark</u>, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").

**This notice apprises the petitioner of the consequences of a failure to file specific, written objections.** See <u>Wright v. Collins</u>, <u>supra</u>; and <u>Small v. Secretary of HHS</u>, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**
