IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Henry Dondie Ellison, #87632,              )
                                           )    C/A No.: 3:06-0389-MBS
                    Plaintiff,             )
                                           )
        vs.                                )
                                           )             **O R D E R**
Permeco Myers,                             )
                                           )
                    Defendant.             )
_____)

Plaintiff Henry Dondie Ellison is a state prisoner in custody of the South Carolina Department of Corrections. Plaintiff, proceeding pro se, brings this action under 42 U.S.C. § 1983, asserting that Defendant Permeco Myers, a private citizen with whom Plaintiff apparently resided prior to his arrest, violated his constitutional rights by taking possession of Plaintiff's personal property.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to the provisions of 28 U.S.C. §§ 1915 and 1915A and the Prison Litigation Reform Act of 1996. On February 13, 2006, the Magistrate Judge filed a Report and Recommendation in which he recommended that the complaint be dismissed because (1) Defendant is not a state actor under § 1983; and (2) the court lacks diversity jurisdiction to entertain a conversion action. Plaintiff filed objections to the Report on February 17, February 21, and March 6, 2006.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo

determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

Plaintiff contends the Magistrate Judge erred in determining that Defendant was not a state actor. According to Plaintiff, Defendant cooperated with the prosecutors and testified against him in court. Simply providing information to the state and pressing for state action against an individual, without more, cannot suffice to make a private entity liable under § 1983 as a state actor. Melton v. Dermota, 940 F.2d 652 (4th Cir. 1991) (unpublished) (quoting Manax v. McNamara, 842 F.2d 808, 813 (5th Cir.1988)). Plaintiff's objection is without merit.

The court concurs in the Report and Recommendation and incorporates it herein by reference. The case is dismissed without prejudice.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

October 16, 2006

Columbia, South Carolina

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**